IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No.  4:03cr191 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| JOSEPH MENDYGRAL, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

July 18, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Request for Early Termination of Supervised Release (doc. 19) filed by the Defendant Joseph Mendygral ("Defendant" or "Mendygral") on July 12, 2005.  For the reasons that follow, Defendant's submission will be summarily denied.

On January 23, 2004, following a plea of guilty to money laundering in violation of 18 U.S.C. § 1956, this Court sentenced Defendant to a three month term of imprisonment to be followed by two years of supervised release with conditions.  (See Rec. Doc. 15).  In the submission, Defendant asserts that he has complied with all the terms of his supervised release and has neither been arrested for any crimes, nor tested positive for any illegal substances.  Moreover, Defendant

argues that immediately upon his release from prison he secured employment and he continues to hold employment without incident.  Defendant therefore maintains that the Court should terminate the remaining portion of his supervised release.

The normal protocol in a case such as this, in which a criminal defendant asserts that he is entitled to early termination from supervised release, is that defense counsel contacts the Probation Office to seek their approval for such a request.  There is no indication that defense counsel has followed the above-referenced protocol in this case.  Given that the term of supervised release imposed on Defendant in the case <u>sub judice</u> is relatively brief and that defense counsel has not sought concurrence in the request from the Probation Office, the Court will summarily deny Defendant's submission.[1]

**NOW, THEREFORE, IT IS ORDERED THAT:**

---

[1] We do note that the Government's brief in opposition to Defendant's request for early termination of supervised release explains that it is too early to assess the Defendant's overall performance.  The Government further states that their position is that the Court should deny Defendant's request without prejudice to renew it after service of eighteen months of supervised release.  (<u>See</u> Rec. Doc. 20).

1. The Request for Early Termination of Supervised Release (doc. 19) filed by the Defendant is summarily denied.

s/ John E. Jones III
John E. Jones III
United States District Judge
